UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHAMEKA CRITTON                    CIVIL ACTION NO. 16-cv-0356

VERSUS                             JUDGE HICKS

SOCIAL SECURITY ADMINISTRATION     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Shameka Critton filed an application for supplemental security income benefits for her minor child, who was alleged to suffer from learning problems, ADHD, and asthma. ALJ Charles Lindsay issued a decision in September 2014 that denied the claim for benefits. The Appeals Council issued a decision in January 2016 that denied a request for review, which made the Commissioner's decision final.

The Commissioner's final decision on a claim for benefits is subject to limited review by a federal court. 42 U.S.C. § 1383(c)(3) and § 405(g). The action is to be brought in the district court of the United States of the district in which the claimant resides. Section 405(h) provides that no decision of the Commissioner shall be reviewed by any tribunal or government agency except as provided in the statute.

Ms. Critton did not file an action in this federal district court as required by the statute. Rather, she filed something in the state court in Claiborne Parish. The Commissioner removed the case to this court and submitted a copy of the state court filings, which consisted of decisions and documents from the administrative proceedings before the Commissioner

and a citation issued by the state court clerk of court. There was no sign of an actual petition or complaint filed by Ms. Critton in the state court proceeding.

There was initially some confusion about Ms. Critton's current address, but that was resolved. Docs. 6 & 7. The court then issued an order that stated the court would, at least initially, treat Ms. Critton's filing as a complaint brought pursuant to Section 405(g) that seeks review of the Commissioner's final decision. The order continued: "The Clerk of Court is directed to send to Ms. Critton a copy of the form complaint for self-represented parties to commence a social security appeal. Ms. Critton is directed to complete that form and return it to the Clerk of Court by May 31, 2016." The order also set forth detailed instructions regarding service of process and briefing requirements. Doc. 8.

The order warned: "Failure to meet those obligations, including filing a completed complaint form and serving that complaint and summonses as required by this order, may result in dismissal of the case."

The Clerk of Court certified on the docket sheet that a copy of the court's order and the complaint form were mailed to Ms. Critton on May 11, 2016. Her May 31, 2016 deadline to submit the completed form complaint passed approximately two months ago, but Ms. Critton did not file the completed complaint or anything else.

There is no need for the court to proceed further in a case where the plaintiff does not bother to complete the simple complaint form or attempt to comply with the straightforward and clearly explained service requirements. Those are merely the initial steps in the litigation process. If the plaintiff is not willing to comply with them, then it is almost certain that she

will not be willing or able to satisfy the more difficult briefing requirements that will follow. Given Ms. Critton's unwillingness to comply with the basic requirements of the court's order, it is recommended that this civil action be dismissed without prejudice for failure to prosecute.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge